IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CLEVE LEE SMITH,

    Plaintiff,

v.

Case No.: 3:07cv289/RV/mD

RON MCNESBY, in his official capacity as ESCAMBIA COUNTY SHERIFF; and REGINALD BRUSTER, in his individual capacity,

    Defendants.

_____/

## COMPLAINT

Plaintiff, CLEVE LEE SMITH, by and through his undersigned attorney, sues the Defendants, RON MCNESBY, in his official capacity as ESCAMBIA COUNTY SHERIFF ("SHERIFF"); and REGINALD BRUSTER, in his individual capacity ("BRUSTER"), and alleges as follows:

### INTRODUCTION
### JURISDICTION AND VENUE

1. This is an action for damages and attorneys fees arising under 42 U.S.C. §§1983 and 1988, and for damages arising under the common law of the State of Florida.

2. This action makes issue and alleges a violation of the United States Constitution, including, but not limited to, a violation of the Fourth and Fourteenth Amendments which make illegal the unnecessary and excessive use of force against persons

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

07 JUL -9 PM 4: 00

FILED

during detainment.

3. This Honorable Court has original jurisdiction over this action and the parties named herein, pursuant to 42 U.S.C. §§ 1983 and 1988; the U.S. Constitution; the provisions in 28 U.S.C. § 1331 and 1343, et. seq.; and the ancillary jurisdiction of this Court pursuant to 29 U.S.C. § 1367 for all state law claims.

4. Venue is posited in United States District Court, Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. §1391 and N.D. Fla. Loc. R.3.2(a)(1); and by virtue of the status of each party as more fully described below.

5. The acts, omissions and practices described hereafter all occurred within the jurisdiction of the United States District Court in and for the Northern District of Florida.

6. Plaintiff, CLEVE LEE SMITH, seeks an award of compensatory damages, costs and expenses and reasonable attorney's fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is as alleged pursuant to 42 U.S.C. § 1988.

7. At all times material hereto, the acts, omissions, practices and other conduct of each Defendant were committed under color of state or local law.

8. At all times material hereto, the acts and omissions of Defendant BRUSTER was committed within the course and scope of his employment as a deputy for Defendant SHERIFF.

## PARTIES

9. At all times material hereto, Plaintiff, CLEVE LEE SMITH, was an adult resident of Escambia County and a citizen of the State of Florida.

2

10. At all times material hereto, Defendant BRUSTER was and is a "person" subject to suit under 42 U.S.C. § 1983.

11. At all times material hereto, Defendant BRUSTER was a sheriff's deputy appointed by Defendant SHERIFF, acting within the course and scope of said employment. He is sued in his individual capacity.

12. At all times material hereto, Defendant SHERIFF, through his agents and employees, was responsible for the proper and efficient enforcement of the laws, regulations, policies, practices and procedures of such political entity; the laws and regulations of the State of Florida; and the Constitution of the United States.

13. Plaintiff CLEVE LEE SMITH has retained the services of the undersigned attorney and is obligated to pay a reasonable attorney's fee for such services in pursuing the claims asserted herein.

## FACTS APPLICABLE TO ALL COUNTS

14. On or about October 13, 2005, Plaintiff CLEVE LEE SMITH, age seventy-seven (77) at this time, had moved his car out of his driveway to allow his invalid wife's nurse to park there. Later that evening, after the nurse had left for the day, Mr. Smith went outside to move his car back into the driveway.

15. At that time and place, an unmarked vehicle, which was carrying the Escambia County Sheriff's SWAT team, pulled up behind Mr. Smith's vehicle. The masked and hooded SWAT members exited their vehicle intending to apprehend Mr. Smith's fifty-two (52) year-old son, Gerald Smith.

16. Despite the obvious age differences between Plaintiff CLEVE SMITH and his son, and the fact that Mr. Smith was pulling into the drive-way and not trying to escape, Defendant BRUSTER began yelling at the elderly Mr. Smith. At no time did he, or the other SWAT members identify themselves as Sheriff's Deputies.

17. Terrified by the hidden face of the man screaming at him and by the men surrounding his vehicle, Mr. Smith reluctantly opened his car door, only to be violently yanked out by his left arm and thrown to the ground by Defendant BRUSTER. Further, Mr. Smith's face was ground into his drive-way, tearing his skin.

18. As he lay on the ground, Mr. Smith's became afraid for his invalid wife's safety, because these hooded, masked and violent men were breaking his front door down with a battering ram, despite the fact that the door was unlocked. He could not imagine that these men were actually officers of the law.

19. After breaking into his house, destroying his front door, and causing severe injury to Plaintiff CLEVE SMITH, the SWAT team found that Gerald Smith wasn't even in the residence.

20. Plaintiff CLEVE SMITH was not arrested on this date, or in connection with the subject incident.

21. As a direct result of the unwarranted attack on Plaintiff as described above, Defendants caused Plaintiff to suffer the following injuries and damages:

    (a) abrasions, lacerations and scarring over the head, face and legs;

    (b) dislocation of the left shoulder;

4

(c) left rotator cuff rupture;

(d) surgical intervention;

(e) failed rotator cuff repair;

(f) tremendous pain and suffering as a result of the acts of BRUSTER

(g) requirement of future medical treatment, including another surgery;

(h) lives in constant fear of law enforcement officers as a result of the unwarranted degree of force he suffered at the hands of the Defendants.

## COUNT I
## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
## INDIVIDUAL CAPACITY UNLAWFUL ARREST CLAIM

22. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

23. At all times material hereto, Defendant BRUSTER had a legal duty not to detain citizens without a well-founded and articulable suspicion of criminal activity, to seize or to arrest citizens without probable cause that they have committed a crime.

24. On or about October 13, 2005, Defendant BRUSTER intentionally detained Mr. Cleve Smith without a well-founded and articulable suspicion of criminal activity, and seized Mr. Cleve Smith without probable cause or arguable probable cause.

25. Charges were not brought by BRUSTER against Mr. Cleve Smith.

26. By his actions, Defendant BRUSTER deprived Mr. Cleve Smith of the clearly established right to be free from detention without a well-founded and articulable suspicion

of criminal activity and arrest without probable cause, in violation of Mr. Smith's rights under the Fourth and Fourteenth Amendments to the U. S. Constitution.

27. As a direct, proximate and foreseeable result of Defendant BRUSTER's actions, Mr. Cleve Smith has suffered unlawful detention, bodily injuries and resulting pain and suffering, disability, mental anguish, loss of ability to enjoy life, expenses of medical and nursing care and treatment, and other losses. These injuries and losses are permanent and continuing, and Mr. Cleve Smith will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A. Judgment for compensatory damages against Defendant BRUSTER;

B. Judgment for punitive damages against Defendant BRUSTER;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

**COUNT II**
**CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIMS**

28. Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

29. At all times material hereto, Defendant BRUSTER had a legal duty to use only that amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for proper and efficient arrest, supervision and control of such persons.

30. Deputy BRUSTER used excessive force on Plaintiff without provocation or cause. Plaintiff was not attempting to flee from BRUSTER, and was not threatening the deputy in any manner. Nevertheless, Defendant BRUSTER used an excessive amount of force on Plaintiff.

31. Assuming that Defendant BRUSTER had any cause to take Plaintiff into custody, he could have easily done so without causing him any harm, as Plaintiff is a frail, elderly gentleman. Further, he was not intoxicated, belligerent, or resisting the BRUSTER in any manner.

32. By his actions, Defendant BRUSTER deprived Plaintiff of the clearly established right to be free from force which was excessive under the circumstances, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U. S. Constitution.

33. As a direct, proximate and foreseeable result of Defendant BRUSTER's actions, Plaintiff has suffered the injuries described in this complaint, including bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

7

ability to enjoy life, expenses of medical and nursing care and treatment, and other losses including the aggravation of pre-existing conditions. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief on his civil rights claim brought pursuant to 42 U.S.C. §§ 1983 and 1988:

A. Judgment for compensatory damages against Defendant BRUSTER;

B. Judgment for punitive damages against Defendant BRUSTER;

C. Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

D. Judgment for pre-judgment interest on all economic losses, and pre-judgment interest on attorney's fees for delay in payment;

E. A trial by jury on all issues so triable; and

F. Such other and further relief that this Court may deem just, proper and appropriate.

## COUNT III
## STATE LAW CLAIM FOR BATTERY

34. This is a cause of action, under the common law of the State of Florida, for a civil battery. Such claims arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983 as set forth above.

35. Plaintiff realleges paragraphs 1 through 21 as though fully set forth herein.

36. The conduct of Defendant BRUSTER was intentional, but was not willful,

8

wanton or malicious.

37. Plaintiff has complied with all conditions precedent to bringing this action.

38. The conduct of Defendant BRUSTER was committed within the course and scope of his employment as a deputy for Defendant SHERIFF.

39. The conduct of Defendant BRUSTER constituted a harmful and/or offensive contact on the person of Plaintiff.

40. Defendant SHERIFF is responsible for the battery committed by Defendant BRUSTER upon the person of Plaintiff, in that the civil battery was intentional, but not malicious, and was committed within the course and scope of Defendant BRUSTER's employment with Defendant SHERIFF, such that the doctrine of *respondeat superior* applies to this action.

41. In the alternative to the allegations contained in paragraphs 36 through 40, the conduct of Defendant BRUSTER was intentional, malicious, wanton and willful, to the detriment of the health, safety and welfare of Plaintiff.

42. As a direct and proximate result of the battery alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, and may have aggravated a pre-existing condition. These injuries and losses are permanent and continuing, and Plaintiff will suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against Defendant SHERIFF, together with costs of this action, pre-judgment interest on all

economic losses, and a trial by jury on all issues so triable.

And WHEREFORE, in the alternative, Plaintiff prays for compensatory and punitive damages against Defendant BRUSTER, together with pre-judgment interest on all economic losses, costs of this action, and a trial by jury on all issues so triable.

## COUNT IV
## STATE LAW CLAIM FOR FALSE ARREST

43. This is a cause of action, under the common law of the State of Florida, for a civil battery. Such claims arise from a common nucleus of operative facts with violation(s) of 42 U.S.C. § 1983 as set forth above.

44. Plaintiff realleges paragraphs 1 through 21 as though more fully set forth herein.

45. The conduct of Defendant BRUSTER was intentional, but was not willful, wanton or malicious.

46. Plaintiff has complied with all conditions precedent to bringing this action.

47. The conduct of Defendant BRUSTER was committed within the course and scope of his employment as a deputy for Defendant SHERIFF.

48. The conduct of Defendant BRUSTER constituted a false arrest of Plaintiff Mr. Cleve Smith, as the detention was made without probable cause or even arguable probable cause.

49. Defendant SHERIFF is responsible for the false arrest of Mr. Cleve Smith by

Defendant BRUSTER, in that the false arrest was intentional, but not malicious, and was committed within the course and scope of Defendant BRUSTER's employment with Defendant SHERIFF, such that the doctrine of *respondeat superior* applies to this action.

50. In the alternative to the allegations contained in paragraphs 45 through 49, the conduct of Defendant BRUSTER was intentional, malicious, wanton and willful, to the detriment of the health, safety and welfare of Mr. Cleve Smith.

51. As a direct and proximate result of the false arrest alleged above, Mr. Cleve Smith suffered unlawful detention, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expense of medical and nursing care and treatment. These injuries and losses are permanent and continuing, and Mr. Cleve Smith will suffer such losses in the future.

WHEREFORE, Plaintiff prays for judgment for compensatory damages against Defendant SHERIFF, together with costs of this action, pre-judgment interest on all economic losses, and a trial by jury on all issues so triable.

And WHEREFORE, in the alternative, Plaintiff prays for compensatory and punitive damages against Defendant BRUSTER, together with pre-judgment interest on all economic losses, costs of this action, and a trial by jury on all issues so triable.

Dated this 9th day of July, 2007

Daniel M. Soloway
Florida Bar No.: 508942
Robert T. Bleach
Florida Bar No.: 089095
Soloway Law Firm
901 Scenic Highway
Pensacola, Florida 32503
(850) 435-0555(T)
(850) 435-8885 (F)
Attorney for Plaintiff